**Ilan WEISS, Appellee–Plaintiff,**

**v.**

**UNION CENTRAL LIFE INSURANCE COMPANY, Appellant–Defendant.**

**Docket No. 01–7084.**

United States Court of Appeals, Second Circuit.

Jan. 29, 2002.

Michael A. Knoerzer, LeBoeuf, Lamb, Greene & MacRae, L.L.P., New York, NY, for Appellant.

Aba Heiman, Scheine, Fusco, Brandenstein & Rada, P.C., Woodbury, NY, for Appellee.

Present SACK, KATZMANN and B. FLETCHER,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

The plaintiff brought this case in diversity in 1997 to recover for the defendant's alleged failure to pay benefits under a disability insurance policy. The plaintiff first filed a disability claim with the defendant in March 1995 under a provision of his policy that allowed him to recover if he experienced the "complete loss" of the "sight of both eyes." The plaintiff suffers from a degenerative retinal disease that has caused a gradual deterioration in his eyesight over several years. At trial the defendant argued that the plaintiff was ineligible for benefits because he had failed to comply with policy provisions that required the plaintiff to provide notice of his claim within a reasonable time after he suffered the covered loss.

The question of the plaintiff's disability date—when he actually suffered a "complete loss" of his sight and thus became eligible for disability benefits—was submitted to the jury. On December 4, 2000, the jury found that the plaintiff did not experience the complete loss of sight until February 1995.** Because the implication

---

* Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

** Had the jury found that the plaintiff's disability date was before 1995, it would have been required to determine when the plaintiff knew or should have known that he was qualified for benefits.

of the jury's finding was that the plaintiff's notice was timely, the district court entered judgment for the plaintiff.

The defendant argues in this appeal that the plaintiff should have been estopped from claiming that his disability date was later than February 24, 1992 because of three statements that the plaintiff made before trial. Thus, the defendant argues, the question of the disability date should never have been submitted to the jury, and the district court should have granted the defendant's motions for summary judgment, a new trial, or judgment as a matter of law.

■ A district court's decision denying a motion for summary judgment is not appealable to this Court after a final judgment in the case. *Pahuta v. Massey–Ferguson, Inc.*, 170 F.3d 125, 129–132 (2d Cir.1999). Thus, the remainder of this order addresses only the defendant's challenge to the district court's refusal to order a new trial or enter judgment for the defendant as a matter of law.

The three statements that the defendant argues estop the plaintiff from contesting the disability date are: (1) a letter the plaintiff sent to the defendant in 1995 indicating that the plaintiff first suffered a complete loss of sight on February 24, 1992; (2) a virtually identical statement in the plaintiff's initial complaint, filed in 1997; and (3) a 1998 deposition in which the plaintiff repeatedly stated that he had lost the practical use of his eyes by 1992.

The defendant effectively concedes that the district courts in this circuit would normally treat these three statements as "evidentiary admissions" that should be submitted to the jury for consideration, rather than "judicial admissions" that act as concessions and remove a fact from contention. *See Guadagno v. Wallack Ader Levithan Assoc.*, 950 F.Supp. 1258, 1261 (S.D.N.Y.1997). Specifically, these three statements normally would not be judicial admissions because: (1) the 1995 letter was sent prior to the commencement of litigation; (2) the plaintiff was allowed to amend his original complaint to withdraw its statement regarding the disability date, *see id.;* and (3) deposition statements are generally treated as evidentiary admissions, *see Wechsler v. Hunt Health Systems, Ltd.*, No. 94 Civ. 8294, 1999 WL 672902, *2, 1999 U.S. Dist. LEXIS 13216, *5–*6 (S.D.N.Y. Aug.27, 1999). The defendant nonetheless argues that concerns for fairness and efficiency militate in favor of treating these statements, either individually or collectively, as judicial admissions. In support, the defendant cites decisions from Illinois and Nebraska courts that treat deposition statements as judicial admissions in certain circumstances. *See, e.g., Caponi v. Larry's 66*, 236 Ill.App.3d 660, 176 Ill.Dec. 649, 601 N.E.2d 1347, 1355 (1992); *Momsen v. Nebraska Methodist Hosp.*, 210 Neb. 45, 313 N.W.2d 208, 212–13 (1981).

■ We reject the defendant's argument that policy considerations require us to give estoppel effect to the plaintiff's pretrial statements regarding his disability date. The district court submitted to the jury a detailed definition of "complete loss of sight" that specifies that complete loss includes the loss of "the ability to distinguish and recognize objects" but not necessarily the loss of the ability to "distinguish light from darkness." There is no evidence that the plaintiff could have known the details of this definition and thus the relevant legal standard at the time he made his various "admissions." Indeed, one of the reasons that the defendant gave for rejecting the plaintiff's claim in 1996 was that the plaintiff had not suffered a "complete loss," as found by a doctor who defined that term as "total loss of light/dark perception." Because the

plaintiff did not know in 1995, 1997, and 1998, the dates of the statements, the specific legal definition of "complete loss of sight" that would be applied, his statements during those years that he was eligible for benefits in 1992 cannot fairly be treated as legally conclusive. Moreover, because the defendant rejected the plaintiff's claim in 1996 in part because the defendant thought that the plaintiff's loss of sight was insufficiently severe, the defendant's argument that it should be allowed to rely upon the plaintiff's 1995 statement that the disability date was 1992 is particularly unpersuasive. Even if the plaintiff had never made that statement, the defendant still would have rejected his claim and thereby understood that it was assuming a risk of litigation.

For similar reasons, we reject the defendant's argument that the Illinois and Nebraska rule, even if endorsed by this Court, would lend estoppel effect to the plaintiff's deposition statements. That rule treats as judicial admissions only those deposition statements that are "deliberate, detailed, and unequivocal." *Caponi*, 176 Ill.Dec. 649, 601 N.E.2d at 1355. During his 1998 deposition, the plaintiff was not read the definition of "complete loss of sight" ultimately submitted by the district court, and so his statements as to when he lost his sight cannot be treated as "unequivocal" admissions under the relevant legal standard.

Finally, we reject the defendant's argument that because the plaintiff first gave notice of his claim in January 1995, the jury's factual finding that the plaintiff first suffered a complete loss of sight in February 1995 was illogical and unreasonable. The jury's finding was about when the plaintiff actually became qualified for benefits, and not when he thought he became qualified. Again, in light of the fact that the ultimate legal definition of "com-

plete loss of sight" was not available to the plaintiff in 1995, a reasonable juror could have found that the plaintiff thought he became eligible for benefits before he actually did. The testimony of the plaintiff's personal ophthalmologist supports the jury's finding regarding the plaintiff's actual disability date. Thus, the jury's verdict was neither illogical nor unreasonable.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.