Ilan WEISS, Plaintiff–Appellant,

v.

UNION CENTRAL LIFE INSURANCE COMPANY, Defendant–Appellee.

Docket No. 02–7952.

United States Court of Appeals,
Second Circuit.

May 9, 2003.

ABA Heiman, Woodbury, N.Y. (Fusco, Brandstein & Rada, P.C., Woodbury, N.Y.), for Appellant.

Michael A. Knoerzer, New York, N.Y. (LeBoeuf, Lamb, Greene & MacRae, L.L.P., New York, N.Y.), for Appellee.

PRESENT: KATZMANN, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

_____ At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 9th day of May, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the United States District Court for the Eastern District of New York entered July 18, 2002, which denied plaintiff-appellant Ilan Weiss's motion pursuant to Fed.R.Civ.P. 59(e) to amend the court's judgment of April 23, 2002 so as to award Weiss a refund of insurance premiums paid to defendant-appellee Union Central Life Insurance ("Union Central") is hereby VACATED AND REMANDED.

In 1997, Ilan Weiss, who for many years had worked as a design engineer, sued Union Central for breach of contract stemming from the insurer's refusal to pay benefits due and owed under a 1989 disability policy after Weiss lost his vision. In an amended complaint, Weiss added a second cause of action for waiver of premiums from February 27, 1995, the date he became totally disabled, through the rest of his life. This was premised on a "Waiv-

er of Premium" provision in the insurance policy, which states that "[t]he qualifying period for premium waiver is 90 consecutive days of total disability. After 90 days, we will waive any premium on this policy as it comes due, until the total disability ends. We will also refund any premium you paid on or after the date you became totally disabled." Insurance Policy dated 5/1/89, Part III at 5.

When the case went to trial in early December 2000, the only disputed factual issue was the date by which Weiss was rendered totally disabled by the complete loss of his vision. In response to a series of interrogatories, the jury concluded that Weiss first lost the complete use of both eyes in February 1995, which finding meant that (1) his notice of disability, dated January 31, 1995 and received by Union Central on March 14, 1995, was timely, such that Weiss was entitled to benefits under the policy; and (2) Weiss had no obligation to make premium payments after February 1995.

The parties did not present any questions to the jury regarding damages, presumably because any award to plaintiff involved straightforward mathematical calculations under the policy. Instead, following the jury's verdict, the court asked the parties to perform those calculations and to submit a proposed judgment. On December 20, 2000, Weiss submitted both a proposed judgment and bill of costs. The judgment provided for an award of past benefits and interest from February 28, 1995 through December 27, 2000 of $722,562.14; future monthly benefits as provided in the policy; and a "[r]efund of premiums paid for the period following plaintiff's onset of disability on February 28, 1995 in the amount of $42,568.04." Judgment entered 12/29/00 at ¶ 3.

On December 21, 2000, Weiss's proposed judgment was "approved as to form" by the district court and entered on the docket on December 29, 2000. On January 24, 2001, Union Central filed a notice of appeal from this judgment.[1] In its brief to this court, Union Central argued that: (1) the evidence was insufficient to establish Weiss's timely notice of disability; and (2) Union Central was entitled to summary judgment, judgment as a matter of law, or, in the alternative, a new trial. It did not challenge either the judgment's benefits award or its refund of premiums. This court rejected Union Central's arguments and, by summary order dated January 29, 2002, ruled that "the judgment of the district court is hereby AFFIRMED." *Weiss v. Union Central Life Ins. Co.*, 28 Fed. Appx. 87, 2002 U.S.App. LEXIS 1680 (2d Cir.2002).

Within days of this court's mandate, the parties returned to the district court. Weiss apparently submitted a supplemental judgment awarding him additional benefits and interest for the period between the December 29, 2000 judgment and the present. Union Central submitted its own judgment with updated benefits and interest calculations, which it proposed to substitute for the December 29, 2000 judgment. Indeed, Union Central submitted that since that judgment had been approved "as to form only," the district court should now consider the insurer's continuing objections to amounts awarded therein, specifically, the refund of premiums and certain costs. Letter to Hon. Jacob Mishler dated 3/11/02. As to the former, Union Central asserted that plaintiff's failure to litigate the question of a premium refund at trial barred it from recovering the amounts demanded. In response, Weiss agreed that it would be preferable to sub-

---

1. In the interim, Union Central moved in the district court pursuant to Fed.R.Civ.P. 50 and 59 for judgment as a matter of law or a new trial. When the motion was denied on February 6, 2001, Union Central filed a second notice of appeal from that order.

stitute a single updated judgment for the December 29, 2000 award rather than to attempt to supplement the latter, but he disputed Union Central's objections to a refund of premiums. Weiss noted that the amended complaint referred to the policy's waiver of premium provision. Moreover, he submitted that there was no disputed question of fact regarding his payment of premiums after February 25, 1995, that would have required jury resolution.

On April 22, 2002, the district court issued a one-sentence order directing the court clerk to enter the judgment proposed by Union Central, which the clerk did on April 23, 2002. Weiss promptly moved pursuant to Fed.R.Civ.P. 59(e) to amend the new judgment to restore the refund of premiums award. Again, Union Central opposed any refund of premiums, arguing that Weiss's failure to seek the return of these monies before or during trial barred him from pursuing these damages.

When illness prevented the district judge who had thus far handled the case from reviewing the motion to amend, the matter was referred to Judge Seybert who, on July 18, 2002, declined to amend the judgment, finding Weiss's motion unsupported by any newly discovered evidence or exceptional circumstances.

■ A motion to amend a final judgment pursuant to Fed.R.Civ.P. 59(e) must be filed within ten days of entry and will generally not be granted unless the moving party can point to facts or controlling decisions overlooked by the court. *See generally Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Appellate review is highly deferential and reversal

warranted only for abuse of discretion. *See Devlin v. Transp. Communications Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999).

The record in this case, however, does not permit us to conduct even this highly deferential review because it does not indicate whether the parties alerted Judge Seybert to certain critical background facts and circumstances, specifically, to the fact that the April 2002 judgment, which did not award a refund of premiums, supplanted a December 2000 final judgment, which did contain such an award.

In submitting a new judgment to the district court in 2002, Union Central attempted to justify its challenge to the previously awarded refund of premiums by suggesting that the December 2000 judgment was provisional rather than final. But Union Central—or certainly its able and experienced counsel—undoubtedly knew that the December judgment was final because a final judgment was a necessary predicate to its invocation of this court's appellate jurisdiction pursuant to 28 U.S.C. § 1291. *See Kamerling v. Massanari*, 295 F.3d 206, 213 (2d Cir.2002) (per curiam) (observing that § 1291 jurisdiction is limited to appeals from final judgments); *see also Dudley v. Penn–America Ins. Co.*, 313 F.3d 662, 668 (2d Cir.2002) (Sotomayor, *J.*, concurring) (noting that final judgment is necessary predicate to invoking § 1291 jurisdiction).[2]

■ Given the finality of the December 29, 2000 judgment, it is unclear on what grounds Union Central was entitled to challenge the refund of premiums award after the issuance of this court's mandate affirming the judgment. Plainly, Union

---

**2.** *See* Brief for Appellant at 1, *Weiss v. Union Central Life Ins. Co.*, 28 Fed.Appx. 87, 2002 U.S.App. LEXIS 1680 (2d Cir.2002) (invoking this court's jurisdiction pursuant to 28 U.S.C. § 1291). Union Central's understanding that the December 29, 2000 judgment was final

was further evidenced by its motion in the district court to stay enforcement pending appeal, which motion would have been unnecessary if no final judgment had been entered.

Central did not move for relief pursuant to Fed.R.Civ.P. 60(b), nor does the case appear to present any circumstances that would satisfy the strict criteria of that rule. To the extent Union Central asserts that Weiss was not entitled to a refund of premiums because this claim was never presented to the jury, the insurer certainly could have raised this challenge on direct appeal, and its failure to do so stands as a bar to any subsequent attempt to litigate the issue. *See St. Pierre v. Dyer,* 208 F.3d 394, 399–400 (2d Cir.2000) ("Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' ") (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).

■ Further, Union Central's argument about Weiss's failure to present his claim for a refund of premiums to the jury does not bear close scrutiny. As insurer's counsel confirmed at oral argument, neither party to this litigation asked the jury to make findings as to *any* aspect of damages. Instead, the jury was asked to resolve the single factual dispute between the parties, i.e., the onset date of Weiss's total disability. Its conclusion that Weiss became totally disabled in late February 1995 not only established Weiss's entitlement to disability benefits; it absolved him of any duty to make premium payments thereafter and, to the extent he had made such payments, it established his entitlement under the policy to the refund of those payments. Union Central does not dispute that it received premium payments from Weiss after February 27, 1995, in the amounts sought. Thus, Weiss's claim for a refund of premiums, implicit in his second cause of action for waiver of premiums, required no fact finding by the jury other than a determination of the date by which Weiss became totally disabled.

■ Because we cannot determine from the record before us whether the able district judge who reviewed Weiss's motion to amend the April 1992 judgment was fully apprised of the facts and circumstances whereby Union Central attempted to supplant an affirmed 2000 final judgment providing for a refund of premiums with a 2002 judgment that did not, and because we seriously question whether the district court would have denied amendment had it been aware of the totality of circumstances, we hereby VACATE AND REMAND for further proceedings consistent with this order.